UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHANIEL MCCOY-WINSTON,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

Case No. C20-779-MLP

ORDER

Currently before the Court is Plaintiff's "Request for Reconsideration of Order Denying Motion to Compel" ("Plaintiff's Motion"). (Dkt. # 40.) Plaintiff's Motion requests reconsideration of the Court's May 10, 2021 oral ruling (dkt. # 39) denying Plaintiff's motion to compel Interrogatories Nos. 3 and 4 and Requests for Production Nos. 2 and 3 (dkt. # 26). (*Id.*)

Plaintiff seeks reconsideration of the Court's oral ruling denying Plaintiff's motion to compel regarding the following discovery requests:

**Interrogatory No. 3**: For each year beginning January 1, 2015 to the present year, please state with reference to the persons employed at any shipping warehouse or facility within Washington state the following: 1. The total number of employees at each shipping warehouse or facility; 2. The employees that filed worker's compensation claims at each shipping warehouse or facility and the date the employee filed a worker's compensation claim; 3. For each employee that filed a worker's compensation claim identify if the employee is still employed with the date of termination/end of employment if applicable, the employee's name, address

ORDER - 1

and phone number, and the dates the employee was off work due to the worker's compensation claim.

**Request for Production No. 2**: Please produce for copying and inspection all writings, documents, recordings, etc., that relate to, refer to, support, rebut and/or were used in answering the previous interrogatory.

**Interrogatory No. 4:** Please identify all complaints lodged and/or filed with Defendant and/or other state and/or local government agency claims filed against any Defendant relating to retaliation or wrongful termination involving a work related injury, physical injury or disability within the past 10 years and state with reference to each claim filed the name, address, and phone number of the person who filed the claim; the employment history with the defendant of the person who filed the claim, including job titles and date; the date the claim was filed; a summary of the claim filed and a description of all action taken as a result of the claim filed.

**Request for Production No. 3:** Please produce for copying and inspection all writings, documents, recordings, etc., that relate to, refer to, support, rebut and/or were used in answering the previous interrogatory and/or all documents relating to any claims identified in the answer to the previous interrogatory.

(Dkt. # 40 at 2-3.)

On May 10, 2021, the Court heard oral argument on Plaintiff's motion to compel. (Dkt. # 39.) During oral argument, this Court found Interrogatories Nos. 3 and 4 were overly broad and not relevant or proportionate to the needs of this case because Plaintiff failed to establish a need for pattern or practice evidence and that Plaintiff's request fell outside the scope of Plaintiff's retaliation claim in his complaint. (*See id.*) Consequently, the Court denied Plaintiff's motion to compel regarding Interrogatories Nos. 3 and 4 and Requests for Productions Nos. 2 and 3. (*Id.*)

Plaintiff's Motion now submits "recently disclosed" emails from Defendants that Plaintiff argues demonstrates Plaintiff's injury claim was referred to as a "loss time" claim. (Dkt. # 40 at 3; *see* dkt. # 41 at ¶ 4, Ex. 1-2.) Plaintiff's Motion submits that, in another worker's compensation retaliation case "recently discovered" by Plaintiff and filed in this Court, a risk manager for Defendant supplied a declaration including a list of all worker's compensation

ORDER - 2

claims filed by UPS employees in Washington from May 31, 2017, through May 31, 2019. (*Id.* at 3-4 (citing *Nettleton v. UPS*, Case No. C19-1684-JCC, Dkt. #24).) In that same case, Plaintiff notes that Defendants provided a declaration from a UPS manager that acknowledged his pay was based upon meeting performance review goals, which included having low reported worker's compensation injuries. (*Id.* at 4.) On May 27, 2021, Plaintiff filed an additional supplement containing three depositions from May 12, 2021, from three of Defendant's employees who served in a supervisory role at UPS at Plaintiff's previous employment facility. (Dkt. ## 42-43.) Based on the submitted depositions, Plaintiff alleges the UPS hub employees would engage in regular competitions where the hubs would compete for lowest reported injuries and were rewarded with funds or parties when they met those goals. (Dkt. # 42 at 2.)

Based upon the submitted evidence, Plaintiff argues obtaining his sought information under Interrogatories Nos. 3 and 4 for the State of Washington is not overly difficult or burdensome to Defendant and that there was financial motivation for Defendant's management to engage in retaliatory conduct against employees who pursued worker's compensations claims. (Pl.'s Mot. at 5.) Plaintiff additionally argues that, pursuant to *Wilmot v. Kaiser Aluminum and Chem. Corp.*, 118 Wash.2d 46 (1991), evidence of an actual pattern of retaliatory conduct is "very persuasive" for establishing a retaliation case based on a worker's compensation claim. (*Id.* at 4-5.) As such, Plaintiff argues he is entitled to his requested discovery because it is circumstantial evidence in support of his retaliation claim. (*Id.* at 6.)

Under Local Rule 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h)(1).

Here, Plaintiff has failed to demonstrate manifest error in the Court's prior ruling nor presented new facts or legal authority which could not have been brought to the Court's attention earlier through reasonable diligence. The arguments and evidence presented in Plaintiff's Motion could have been brought to the Court's attention earlier through reasonable diligence. *See* LCR 7(h)(1). Nevertheless, Plaintiff's submitted evidence does not ameliorate the Court's concerns about the scope of the sought discovery in Interrogatories Nos. 3 and 4 or the relevance of pattern and practice evidence to Plaintiff's retaliation claim in this case. (*See* Dkt. # 1-1 at ¶ 4.1.) Plaintiff's cited legal authority that evidence of an actual pattern or practice may be "very persuasive" for a retaliation claim also fails to demonstrate why that is in fact the case in this matter nor demonstrates a relevant need for such evidence based on the record and Plaintiff's sole retaliation claim.

Plaintiff has not made either of the showings required by LCR 7(h)(1). Accordingly, Plaintiff's Motion (dkt. # 40) is DENIED. The Clerk is directed to send copies of this Order to the parties.

Dated this 28th day of May, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4