UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL MCCOY-WINSTON,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>  Defendant. | Case No. C20-779-MLP<br><br>ORDER |

Before the Court is Defendant's Motion for Extension of Time to File Dispositive Motions and to Continue Trial Date ("Defendant's Motion"). (Dkt. # 58.) Defendant's Motion seeks an extension of the Court's current dispositive motions deadline of December 9, 2021, and the current trial date of January 31, 2022, due to: (1) the recent deposition of Mark Sullivan; (2) a lack of availability of Defendant's witnesses for preparation of a dispositive motion, and (3) because the current briefing schedule contains stacked deadlines which would require the parties to prepare pretrial briefing before the Court's consideration of a dispositive motion.[1] (*Id.* at 3-4.)

---

[1] On reply, Defendant notes that a final version of Mr. Sullivan's deposition transcript is also not due until December 14, 2021, and that pursuant to Fed. R. Civ. P. 30(e), Mr. Sullivan has until at least December 30, 2021, to review his deposition transcript and make changes. (Dkt. # 61 at 2.)

ORDER - 1

Plaintiff opposes Defendant's request for an extension of time. (Dkt. # 59.) Plaintiff argues that no facts or circumstances have materially changed since the Court's previous grant of an extension of the dispositive motions deadline to warrant a further extension and, therefore, good cause does not exist to grant Defendant's Motion. (*Id.* at 1, 5.) Plaintiff argues he would also be prejudiced by any further delay and that Plaintiff's counsel is not available during the trial dates requested by Defendant because of trial obligations in another case. (*Id.* at 5.) Plaintiff additionally asks that the Court award Plaintiff fees for having to respond to Defendant's Motion and for costs associated with obtaining an expedited draft copy of Mr. Sullivan's deposition to respond to Defendant's Motion. (*Id.* at 2, 5-6.)

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the Court. To establish "good cause," parties seeking modification must generally show that they cannot meet the established deadlines despite the exercise of due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Court finds that an extension of time is appropriate. Based on the Court's Amended Order Setting Trial Date and Pretrial Schedule (dkt. # 47), the parties' motion in limine deadline is currently set for December 28, 2021, and the parties' agreed pretrial order is due on January 7, 2022. Should a dispositive motion be filed on the December 9, 2021 deadline, such motion would not become ripe for the Court's consideration until January 7, 2022. *See* Local Civil Rule 7(d)(3). Consequently, the parties' motions in limine and pretrial order would both be due before a dispositive motion became ripe for the Court's consideration. An extension of the deadline to file dispositive motions will save the parties unnecessary time and expense preparing for trial should this matter be resolved on dispositive motion. In addition, the Court

ORDER - 2

notes that Mr. Sullivan's deposition occurred recently on November 30, 2021, and a final version of his deposition transcript is not due until December 14, 2021, which is after the current dispositive motions' deadline. (*See* dkt. # 61 at 2.) Finally, Defendant's counsel represents that obtaining necessary declarations and evidence from Defendant's witnesses is complicated because the holidays are a peak season for UPS. Therefore, the Court finds good cause exists to extend the remaining deadlines in this case.

Accordingly, finding good cause, the Court GRANTS Defendant's Motion (dkt. # 58). The Court ORDERS that the Order Setting Trial Date and Pretrial Schedule be amended as follows:

| Event | Date |
| --- | --- |
| TRIAL to the JURY to begin at 9:00 a.m., in Courtroom 12A on: | 4/4/2022 |
| All dispositive motions and motions to exclude expert testimony for failure to satisfy *Daubert* must be filed pursuant to LCR 7(d): | 1/10/2022 |
| All motions in limine must be filed by this date and noted on the motion calendar no earlier than the third Friday after filing but no later than the Friday before the pretrial conference (*see* LCR 7(d)(4)): | 2/28/2022 |
| Agreed LCR 16.1 Pretrial Order due: | 3/14/2022 |
| Trial briefs, proposed voir dire and jury instructions, and trial exhibits due: | 3/28/2022 |
| Final Pretrial conference is scheduled at 1:30 p.m. in Courtroom 12A on: | 3/31/2022 |

The Court declines to award Plaintiff costs or fees for having to respond to Defendant's Motion. The Clerk is directed to send copies of this Order to the parties.

Dated this 6th day of December, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3